IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KELIA WEAVER MCCLEARY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 15-0098-WS-C |
| | ) |
| DLJ MORTGAGE CAPITAL, INC., | ) |
| et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the motion to dismiss filed by defendant Green Tree Servicing LLC ("Green Tree"). (Doc. 57). The parties have filed briefs in support of their respective positions, (Docs. 58, 65, 68), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted in part and denied in part.

## BACKGROUND

According to the amended complaint, (Doc. 55), the plaintiff financed the purchase of her home. Wilmington Finance was the lender; defendant Mortgage Electronic Registration Systems, Inc. executed the mortgage as Wilmington Finance's nominee. The loan was purportedly sold and transferred to defendant U.S. Bank, N.A., Inc., with the mortgage and note purportedly assigned to U.S. Bank as trustee. A procession of defendants acted as loan servicer. Green Tree serviced the loan from May 3, 2010 to June 2, 2013, followed (in chronological order) by Select Portfolio Servicing, Inc., Selene Finance, LP, and DLJ Mortgage Capital, Inc.

The amended complaint lists fourteen counts. Green Tree is named as a defendant in five of them:

- Count One – negligence
- Count Two – wantonness
- Count Three – unjust enrichment
- Count Six – breach of contract
- Count Seven - fraud

Green Tree seeks the dismissal of all claims against it other than Count Six.

## DISCUSSION

### I. Negligence and Wantonness.

Count One alleges that the servicer defendants, including Green Tree, negligently: (1) serviced the loan; (2) attempted to collect sums not owed by the plaintiff; (3) caused her property insurance to be canceled; (4) defaulted the plaintiff; (5) attempted a foreclosure sale; (6) failed to ensure that information disseminated to third parties was maximally accurate; (7) failed to train their employees properly on the thorough investigation of disputed accounts; (8) failed to train and/or supervise their employees and agents properly on handling her loan account; and (9) failed to remove adverse reporting once she disputed it. (Doc. 55 at 9-10). Count Two alleges that the same defendants were wanton in these respects. (*Id*. at 10-11).

Green Tree presents two arguments: (1) Alabama recognizes no cause of action for negligent or wanton loan servicing; and (2) the claims are time-barred. (Doc. 58 at 3-5).

As the Court has noted, "[r]ecent federal precedent interpreting Alabama law has uniformly found that no cause of action for negligent or wanton servicing of a mortgage account exists under Alabama law, at least in the absence of personal injury or property damage …." *Selman v. CitiMortgage, Inc*., 2013 WL 838193 at *5 (S.D. Ala. 2013). Moreover, "[t]he Court agrees with these decisions' construction of Alabama law, and particularly their emphasis that the mortgage servicing obligations at issue here are a creature of contract, not of tort,

and stem from the underlying mortgage and promissory note executed by the parties, rather than a duty of reasonable care generally owed to the public." *Id*. at *6. Therefore, "[t]hese claims fail as a matter of law." *Id*. at *5; *accord Quinn v. Deutsche Bank National Trust Co*., 2014 WL 977632 at *6-7 (S.D. Ala. 2014).

To the extent Counts One and Two attempt to assert claims for negligent or wanton loan servicing, then, Green Tree's motion to dismiss is due to be granted. Unfortunately, Green Tree has not acknowledged the various sub-parts of these counts or undertaken to demonstrate that each of them is captured by the foregoing rule. For example, Green Tree has neither argued nor attempted to show that negligent or wanton failure to train constitutes negligent or wanton loan servicing for purposes of the rule. The parameters of Green Tree's legal victory thus remain indeterminate.

The parties agree that Counts One and Two are subject to a two-year limitations period. The complaint was filed January 20, 2015. (Doc. 1-1 at 3). Green Tree argues that Counts One and Two are barred in their entirety, on the grounds that the plaintiff first experienced injury in 2012 when, the amended complaint alleges, Green Tree misapplied several payments and wrongfully returned several others. (Doc. 58 at 5). The plaintiff responds that Counts One and Two are not barred to the extent based on conduct occurring between January 20, 2013 and June 2, 2013 (when Green Tree ceased to be loan servicer). (Doc. 65 at 14).

The Court agrees with the plaintiff. The amended complaint expressly alleges that Green Tree wrongfully returned and/or refused to accept her payments from October 2012 through March 2013, (Doc. 55 at 7), which on its face reflects alleged misconduct within the limitations period. The Court cannot credit Green Tree's assumption that, because it returned some payments in 2012, the limitations period as to payments it returned in 2013 began to run in 2012. Green Tree says the limitations period begins to run "as soon as the alleged injury occurs," (Doc. 58 at 4), but it has not explained how the plaintiff was injured in 2012 from the

2013 return of her 2013 payments; it seems clear that such injury occurred in 2013, when or after the misconduct occurred.

In its reply brief, Green Tree changes tack, now insisting that the allegations regarding returned payments are directed exclusively to the plaintiff's contract claim. (Doc. 68 at 4 n.1). This pivot comes too late to be considered,[1] but it is in any event unavailing. The amended complaint asserts that Green Tree's return of these payments violated the mortgage contract, (Doc. 55 at 7), but this does not rule out the plaintiff's reliance on the same conduct in support of her tort claims as well.[2]

Green Tree also complains that the plaintiff "points to no actual facts, occurrences, or events during that period [on or after January 20, 2013] that give rise to her tort causes of action." (Doc. 68 at 4). This argument fails both because it was raised too late and because it depends on the unsupported premise that a defendant is entitled to dismissal on limitation grounds any time the complaint does not state when the objectionable conduct occurred. That is not the law. "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Arthur v. Thomas*, 674 F.3d 1257, 1269 n.9 (11th Cir. 2012) (internal quotes omitted).

## II. Unjust Enrichment.

Count Three expressly limits its scope to "[t]he actions of the Defendants in attempting foreclosure." (Doc. 55 at 12). As Green Tree points out, (Doc. 58 at 8-9), the amended complaint alleges that foreclosure proceedings began in

---

[1] "District courts, including this one, ordinarily do not consider arguments raised for the first time on reply." *Gross-Jones v. Mercy Medical*, 874 F. Supp. 2d 1319, 1330 n.8 (S.D. Ala. 2012) (citing cases and explaining the underlying rationale). Green Tree identifies no reason to depart from this well-established rule, and the Court declines to do so.

[2] Of course, returning a mortgagor's payments likely constitutes loan servicing within the prohibition on claims for negligent or wanton loan servicing.

November 2014 and that Green Tree was no longer servicing the loan after June 2013. (*Id*. at 4). The amended complaint thus on its face negates Green Tree's liability.

In her response, the plaintiff asserts that Count Three is based on allegations that the defendants "unlawfully and improperly charged fees and expenses to her and her account which she paid resulting in the unjust enrichment to the Defendants." (Doc. 65 at 14-15). According to Count Three, however, she paid "unauthorized and unearned fees and expenses" in response to the "threat of foreclosure," (Doc. 55 at 12), long after Green Tree had disappeared.

### III.  Fraud.

Green Tree argues that Count Seven fails to plead fraud with particularity and that the claim is time-barred. (Doc. 58 at 5-8).

"[A] party must state with particularity the circumstances constituting fraud …." Fed. R. Civ. P. 9(b). As the plaintiff acknowledges, (Doc. 65 at 17-18), in order to satisfy Rule 9(b) she must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *American Dental Association v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (internal quotes omitted). The particularity requirement must be met as to each defendant. *Id*. ("The plaintiff must allege facts with respect to each defendant's participation in the fraud.").

Count Seven alleges that certain defendants "misrepresented that the loan was in default. Further, the Defendants made false and misleading representations, to wit: dissemination of inaccurate information regarding the loan account as being in default and dissemination of inaccurate information regarding the credit history and credit of the Plaintiff that was known to be false." (Doc. 55 at 18).

Count Seven identifies the general subject matter (default, credit, credit history), but it does not identify the "precise statements" made regarding these subjects. Nor does Count Seven even generally allege who (or even which defendant) made each representation, when they did so, where they did so, or by what medium. Indeed, it is not clear from Count Seven to whom each representation was made, whether to the plaintiff or to others. Count Seven patently falls far short of the particularity required by Rule 9(b). The plaintiff's ipse dixit to the contrary, (Doc. 65 at 19), changes nothing.

Green Tree argues that Count Seven is time-barred because it alleges the plaintiff relied on the fraudulent representations by "proceed[ing] with the execution of the loan," (Doc. 55 at 18), which the amended complaint indicates occurred in 2006. (*Id*. at 3). It seems doubtful the plaintiff alleges the defendants fraudulently represented that her loan was in default before the loan existed; more likely is that Count Seven refers to the loan modification mentioned in the plaintiff's brief (although not in her pleading). (Doc. 65 at 13). In any event, the amended complaint does not disclose on its face that the fraud claim is barred by the statute of limitations.

## IV. Amendment.

The plaintiff requests leave of Court to file a second amended complaint should the Court grant any portion of Green Tree's motion to dismiss. (Doc. 65 at 14, 16, 20). Green Tree opposes such relief. (Doc. 68 at 4-5).

The plaintiff's request is subject to Rule 15(a), which provides that a court "should freely give leave [to amend] when justice so requires." Without acknowledging this authority, Green Tree argues the Court should deny leave due to the plaintiff's "repeated failure to state a claim." (Doc. 68 at 4). The amended complaint, however, is the first pleading reviewed by the Court; the plaintiff sought and received leave to file an amended complaint after the defendants filed motions to dismiss the original complaint (which had been filed in state court and

6

was not subject to federal pleading standards), and the Court's grant of the plaintiff's motion mooted the defendants' motions. (Doc. 54). Green Tree thus has failed to show any "repeated" failure to state a claim.

## CONCLUSION

For the reasons set forth above, Green Tree's motion to dismiss is **granted** with respect to the plaintiff's claims against Green Tree for negligent or wanton loan servicing, unjust enrichment and fraud. To the extent Green Tree seeks other or additional relief, its motion is **denied**. The plaintiff's request for leave to file a second amended complaint, construed as a motion for such relief, is **granted**. The plaintiff is **ordered** to file and serve any second amended complaint on or before **August 14, 2015**.

DONE and ORDERED this 27th day of July, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE