## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **KELIA WEAVER MCCLEARY,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | **1:15-CV-00098-WS** |
| | ) | |
| **DLJ MORTGAGE CAPITAL, INC.;** | ) | |
| **GREEN TREE SERVICING, LLC;** | ) | |
| **SELECT PORTFOLIO SERVICING** | ) | |
| **INC.;   SELENE FINANCE, LP;** | ) | |
| **U. S.  BANK, N. A., INC. ;** | ) | |
| **MORTGAGE  ELECTRONIC** | ) | |
| **REGISTRATION SYSTEMS, INC.;** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

## <u>SECOND AMENDED  COMPLAINT</u>

Comes now, the Plaintiff, Kelia Weaver McCleary, by and through her

attorney of record and files her second amended complaint in accordance with the

Rule 15 of the Federal Rules of Civil Procedure, and in support of said amended

complaint states as follows:

## <u>PARTIES</u>

1.  The Defendants, U. S. Bank, N.A.; Selene Finance LP; Green Tree

Servicing LLC; Select Portfolio Servicing; and DLJ Mortgage Capital,

Inc., in this action are foreign corporations doing business in Washington

County Alabama, and are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

2.     The Plaintiff, Kelia Weaver McCleary, in this action is an adult resident of Washington County, Alabama, and is a "consumer" and/or persons affected by a violation of the FDCPA.

## JURISDICTION

3.   Jurisdiction is proper in this Court as the underlying action is based upon a contract executed in Washington County, Alabama. The action is brought regarding an attempted foreclosure instituted in Washington County, Alabama, and is in the nature of a complaint regarding that attempted foreclosure action. The action is brought to enforce the contractual remedies allowed in the mortgage document. The action seeks damages in contract and tort for the actions of the Defendants with respect to their servicing and attempted foreclosure on the loan in question.

## VENUE

4.     Venue is proper in this Court as the Plaintiff are citizens of Washington County, all or substantially all of the wrongs complained of occurred in this county, and the property is situated in this county.

## **STATEMENT OF FACTS**

5.      Kelia McCleary bought the property located at 200 Deer Trail Drive Leroy,

Alabama 36548. On June 9, 2006, McCleary bought the property in

question and financed the purchase with Wilmington Finance and executed

a mortgage with MERS as nominee for the lender Wilmington Finance, and

also signed a promissory note with Wilmington Finance.   The Mortgage

contract provides for an escrow account for the taxes and insurance. The

mortgagee is required to pay for the insurance and taxes from the escrow

account.

6.      Kelia McCleary currently resides at 200 Deer Trail Drive Leroy Alabama

36548.

7.      The loan was allegedly later sold and transferred to U. S. Bank although the

Plaintiff was not made aware of said transfer and disputes the validity of the

alleged transfer.  MERS allegedly assigned the mortgage and indebtedness

on January 13, 2010 to GMAC but lacked authority to do said transfer.

Moreover, GMAC and MERS purportedly assigned the mortgage

and note to U.S. Bank as trustee despite lacking any authority to do said

transfer or assignment.  During the last 6 years there have been several

different servicers of McCleary's mortgage loan.  A "servicer" is a business

entity which provides loan servicing to the Mortgagor.  **Loan servicing** is

the process by which a company (mortgage bank, servicing firm, etc.) collects interest, principal and escrow payments from a borrower. Defendant, Green Tree serviced the loan from May 3, 2010 until June 2, 2013.  Defendant SPS serviced the loan from June 3, 2013 until August 2014.  Selene serviced the loan from August 2014 until November 2014. DLJ is allegedly currently servicing the loan.  McCleary has many problems with the servicing of her loan from April 2010 until January 2015.  These problems have been with all of the Defendants during the corresponding times when they serviced the loan.  Problems have included the failure to properly accept payments, failure to properly credit payments to the account, improper fees and expenses accessed to the account, and the failure to respond to Plaintiff's written request for information and explanation.  Each of these problems represents a breach of the mortgage contract.  These problems were numerous and continued up until January 2015.  The Plaintiff sent a letter requesting information on her account pursuant to the contract in November 2012 and Green Tree failed to respond to said inquiry.

8.   On November 8, 2014, Defendants DLJ Mortgage Capital, Selene and U. S. Bank improperly and wrongfully began foreclosure proceedings on McCleary's property.

9.      The Law firm of Sirote and Permutt, P.C. handled the attempted

foreclosure sale.

10.     The Defendants began foreclosure proceedings on Plaintiff's property on

November 8, 2014 despite knowing that the Plaintiff, McCleary claimed

that she was not in default and that the attempted foreclosure sale was

wrongful and invalid.

11.     The foreclosure sale date was reported to the national credit bureaus and

McCleary's credit was damaged as a result of the reporting of the

foreclosure sale date which was invalid and wrongful.

12.     McCleary, upon information and belief, contend that the alleged

Assignment of the note and mortgage is defective, void, or otherwise

unenforceable as to the security instrument in question in this case.

13.     McCleary contends that the attempted sale was wrongful, illegal, in

violation of law and the documents governing the relationship between

McCleary and the owners of the note and mortgage. Furthermore,

McCleary alleges that she was not behind in her payments on the mortgage

and that she was improperly defaulted and that the note was improperly

accelerated.

14.    McCleary contends that the foreclosing entity lacked standing or authority

to initiate foreclosure proceedings on her property.

15.    McCleary alleges that the actions of the Defendants and its agents,

employees and servants were wrongful and tortious. Moreover, U.S. Bank

National Association had the right to choose and control the entities who it

hired to service the loan, and by having such control are liable for the

wrongful and tortious conduct of their agents, employees and servants.

16.    McCleary alleges that the actions of Defendants by improperly attempting

foreclosure on their property is a violation of law, wrongful and tortious

and that the Defendants had no authority to foreclose on her home or

property, and that their actions constitute negligence, wantonness, abuse of

process and slander of title.

17.    As a direct result of the acts complained of McCleary has suffered great

mental anguish, damage to her reputation, economic and emotional

damages and claims from Defendants all damages allowable under the law.

18.     In November 2013, McCleary sent a monthly payment to Defendant SPS; however, SPS refused the payment and returned it to McCleary without explanation.  After, McCleary called and inquired as to the returned payment, Defendants advised McCleary that she was in default for failure to make payments, but could not explain why she was allegedly in default. Moreover, SPS advised McCleary that it would no longer accept payments from her and that SPS would be turning over their account for foreclosure. Prior to September 2012, Defendant Green Tree accepted and cashed Plaintiff's monthly payments, but failed to properly apply them to her account pursuant to paragraph 2 of the mortgage contract.  From October 2012 until February 2013, Defendant Green Tree returned payments to McCleary again also in violation of the mortgage contract. In March 2013, Green Tree failed to accept Plaintiff's payment in violation of the mortgage contract.

19.     Specifically, the July 2011, May 2012, August 2012, and September 2012 payments, as well as others, were cashed by Defendants but not applied at all to McCleary's account.

20.     On November 8, 2014, Defendants improperly and wrongfully began foreclosure proceedings on McCleary's property.

21.    The Defendants purportedly began foreclosure proceedings on Plaintiff's

property on November 8, 2014 despite knowing that the Plaintiff,

McCleary, claimed that the attempted foreclosure sale was wrongful and

invalid, and that she was not in default at the time of the acceleration.


22.    The foreclosure sale date which included false information related to the

alleged default on the indebtedness was published in the newspaper, The

Washington County News, in November 2014 and December 2014.

Furthermore, said false and inaccurate information related to McCleary's

alleged default was reported to the national credit bureaus and McCleary's

credit and reputation were damaged as a result of the reporting of the

foreclosure sale date and default which was invalid and wrongful.


23.    McCleary contends that the attempted sale was wrongful, illegal, in

violation of law and the documents governing the relationship between

McCleary and the owners of the note and mortgage.  Furthermore,

McCleary alleges that she was not behind in her payments on the mortgage

and that she was improperly defaulted and that the note was improperly

accelerated.

24.     McCleary alleges that the actions of Defendants by improperly attempting

foreclosure on her property is a violation of law, wrongful and tortious and

that the Defendants had no authority to foreclose on her  home or property,

and that their actions constitute negligence, wantonness, abuse of process

and slander of title.   As a direct result of the acts complained of the

McCleary has suffered great mental anguish, damage to her reputation,

economic and emotional damages and claims from Defendants all damages

allowable under the law.

### COUNT ONE
### NEGLIGENCE

**(DLJ MORTGAGE, SPS, SELENE, U.S. BANK, GREEN TREE)**

25.     The Plaintiff re-alleges all prior paragraphs as if set out here in full.

26.     The Defendants negligently serviced the loan made the basis of this suit,

negligently attempted to collect sums not owed by the Plaintiff including

unauthorized fees and expenses, negligently caused her property insurance

to be canceled, negligently defaulted the Plaintiff,  negligently attempted a

foreclosure sale on Plaintiff's property, were negligent by failing to make

sure that information regarding the payment history of the loan which they

disseminated to others (including the national credit bureaus and those

credit grantors likely to use the information provided by those bureaus) was

not false, neither libelous nor slanderous, and rose to the level of maximum

accuracy; negligent by failing to properly train their employees on the

thorough investigation of disputed accounts; negligent by failing to

properly train, and/or supervise their employees and agents with regard to

the handling of Plaintiff's loan account and failing to remove the adverse

reporting from Plaintiff's credit once she disputed the same.

27.     Defendants owed a duty to the Plaintiff as the owners and or servicers of

her loan pursuant to the obligations and regulations imposed on them by

RESPA, TILA, HAMP, FCRA, and FDCPA.

28.     As a direct result of the said negligence, the Plaintiff was injured and

damaged as alleged above and has suffered mental anguish, economic

injury and all other damages allowed by law.  As a result thereof, the

Defendants are liable for all natural, proximate and consequential damages

due to their negligence.

## COUNT TWO
### WANTONNESS

**(DLJ MORTGAGE, SPS, SELENE, U.S. BANK, GREEN TREE)**

29.     The Plaintiff re-alleges all prior paragraphs as if set out here in full.


30.     The Defendants acted with reckless indifference to the consequences, and

consciously and intentionally wrongfully serviced the loan made the basis

10

of this suit, attempted to collect sums not owed by the Plaintiff, caused his

property insurance to be canceled, defaulted the Defendants, attempted to

conduct a foreclosure sale on Plaintiff' property, failed to make sure that

information disseminated to others (including the national credit bureaus

and those credit grantors likely to use the information provided by those

bureaus) was not false, neither libelous nor slanderous, and rose to the level

of maximum accuracy; failed to properly train their employees on the

thorough investigation of disputed accounts; failed to properly train, and/or

supervise their employees and agents with regard to the handling of the

McCleary's loan account and failing to remove the adverse reporting from

the McCleary's credit once she disputed the same.

31.   These actions were taken with reckless indifference to the consequences,

consciously and intentionally in an effort to increase profits for the

Defendants.

32.   The Defendants knew that these actions were likely to result in injury to the

Plaintiff including financial and emotional injuries and mental anguish.

33.   As a proximate result of the Defendants' wantonness the Plaintiff was

injured and harmed and suffered financial injury and emotional damage.

34.     As a result thereof, Defendants is liable for all natural, proximate and

consequential damages due to its wantonness as well as punitive damages

upon a proper evidentiary showing.


**COUNT THREE**
**UNJUST ENRICHMENT**

**(DLJ MORTGAGE, SPS, SELENE, U.S. BANK, GREEN TREE)**

35.     The Plaintiff adopts and re-alleges all prior paragraphs as if set out here in

full.


36.     The actions of the Defendants in attempting foreclosure on the home of the

Plaintiff in violation of law resulted in Defendants being unjustly enriched

by the payment of unauthorized and unearned fees and expenses, insurance

proceeds and equity in the home.


37.     As a result of the Defendants' unjust enrichment, the Plaintiff has been

injured and damaged in that the Plaintiff has been forced to pay charges that

were illegal, wrong in character, wrong in amount, unauthorized, or

otherwise improper under threat of foreclosure by the Defendants.


38.     The Plaintiff claim all damages allowable under law as a result of the

Defendants' wrongful conduct and unjust enrichment.

## COUNT FOUR
## BREACH OF CONTRACT

## (ALL DEFENDANTS)

39.   The Plaintiff adopts and re-alleges all prior paragraphs as if set out here in full.

40.   The Plaintiff and his Lender entered into the standard Fannie Mae/Freddie Mac Uniform Instrument" mortgage agreement.

41.   The Defendants serviced the loan and breached the agreement by failing to comply with essential terms in paragraph 2 regarding the application of payment and the notice requirements of paragraph 22 of the agreement. Furthermore, Defendant MERS either made or attempted to make transfer or assignments of the mortgage and debt in violation of the terms of the contract.  Specifically on January 13, 2010 MERS attempted to assign the mortgage and the debt to GMAC in violation of paragraphs 15, 21, and 22 of the mortgage contract.  Defendant Green Tree attempted assignments and transfers of the note and mortgage on July 25, 2012 in violation of paragraphs 15, 21, and 22 of the mortgage contract.

42.   As a result of the Defendants' breach of the mortgage contract, the Plaintiff was caused to suffer injuries and damages and claims all damages allowable under law.

43.     That paragraph 2 of the terms of the agreement entered into between

Plaintiff and Wilmington Finance detail the application of payments.  That,

as more fully described above, Defendants failed to apply regular monthly

payments, supplemental monthly payments, in the proper manner according

to the terms of the note and mortgage.   More specifically, Defendants

never applied some payments at all to McCleary's account even though

McCleary sent in the payment and it was deposited by Defendants.

Apparently, Defendants have misplaced or are unable to account for the

funds from payments made or sent by McCleary.  Moreover, numerous

other payments made by McCleary were returned to her by Defendants

without reason or without explanation.  More specifically, for example, in

November 2013, McCleary's payment was returned to her.

44.     That this misapplication of funds constitutes a breach of the mortgage

contract and thus entitles McCleary to damages.

45.     In addition, Defendants failed to send proper notices to McCleary as

required by the mortgage contract. Even if McCleary is in default,

Defendants failed to send a proper notice of default, a proper notice of

intent to accelerate, and a proper notice of acceleration.   The contract terms related to notice are as follows:

> Lender shall give notice to Borrower **prior to acceleration** following Borrower's breach of any covenant or agreement in this Security Instrument . . . The notice shall specify (a) the default; (b) the action required to cure the default; (c) a date not less than 30 days from the date the notice is given to Borrower by which the default must be cured; and (d); that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform the Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.  If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument….

Accordingly, Defendants failed to comply with this provision of the mortgage contract and has therefore breached the contract.

46.     Moreover, Paragraph 22 of the mortgage document gives the Plaintiff the right to bring an action to dispute the existence of a default and raise defenses thereto.  Accordingly, the Plaintiff exercises her right pursuant to paragraph 22 of the mortgage document and hereby challenges the existence of a default on his mortgage indebtedness.  As previously, discussed, the Plaintiff is not in default, has made payments every month as required by the mortgage and note and is not behind on her mortgage payments.

## COUNT FIVE

### PLACED IN A FALSE LIGHT
### (DLJ MORTGAGE, SPS, SELENE, U.S. BANK)

47.     Plaintiff adopts the above paragraphs as if fully set forth herein.

48.     In association with the servicing of the loan account, Defendants held McCleary up in a false light and made undesirable and negative character and credit reputation remarks on or about the Plaintiff by either speaking or writing undesirable and negative character and reputation remarks about McCleary which was offensive, untrue, and inaccurate, and which alleged McCleary was behind on her debt serviced by Defendants, or has a bad debt with Defendants.

49.     Defendants knew McCleary was not in default on the account, as it was

        paid to date and as such, that there existed no basis in law or fact, for the

        Defendants to make offensive, untrue, and inaccurate reports regarding

        McCleary.  Defendants knew this at the times they were reporting such

        information.

50.     Defendants held McCleary up in a false light and made undesirable and

        negative and credit reputation remarks on or about McCleary in the national

        credit reporting media and to her homeowner insurance carrier. Defendants

        provided this false information to third parties.

51.     The conduct of Defendants was objectionable to McCleary and to any

        reasonable person.  Defendants' action was willful, reckless, wanton and/or

        made with malice and resulted in McCleary being unreasonably placed in a

        false light.

52.     Due to Defendants' conduct, McCleary was caused to have negative credit

        reports, denied homeowners insurance, held up to public ridicule or shame,

        humiliated, made to suffer physically and mentally, and endure anguish.

        WHEREFORE, PREMISES CONSIDERED, McCleary Prays for

Judgment against Defendants in an amount to be determined by trier of fact.

## COUNT SIX
### DEFAMATION, LIBEL, & SLANDER

### (DLJ MORTGAGE, SPS, SELENE, U.S. BANK)

53.    Plaintiff adopts the above paragraphs as if fully set forth herein.

54.    The Defendants willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff and said statements have subjected the Plaintiff to the denial of credit by third parties, resulted in homeowner's insurance cancellation and harmed the Plaintiff's credit reputation.  As previously stated, the Plaintiff was current on his mortgage account and has made payments each and every month.  Accordingly, he was not in default.  Despite McCleary's account being current, Defendants published in the newspaper false information regarding his account being in default and false information regarding its right to conduct a foreclosure sale on McCleary's property.

55.    Said false and defamatory statements have harmed the reputation of the Plaintiff and/or deterred third persons from associating with McCleary.

56. The Defendants communicated to credit reporting agencies and/or other third parties, false information that McCleary defaulted on the loan and was in foreclosure, disseminated and imputed false and misleading credit history and worthiness information concerning McCleary.

57. Defendants published such defamatory and libelous information in the Washington County News.

58. Said communications were false in that Plaintiff was not indebted to the Defendants in the amount reported, and Plaintiff was not delinquent as reported by the Defendants, and Plaintiff is the legal and rightful owner of the mortgage note.

59. At the time said communications were made, Defendants knew, or should have known, of the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

60. As a result of the intentional communication to third parties of false information, McCleary was caused to suffer injury to his reputation in the eyes of the community and the public and was subject to ridicule.

61. Said communications were oral and/or written.

62. As a proximate consequence of the Defendants' acts, McCleary was caused to be injured and damaged.

63. Defendants published such defamatory and libelous information. Defendants knew McCleary was not in default on the account, as it was paid to date and as such, that there existed no basis in law or fact, for the Defendants to make offensive, untrue, and inaccurate reports regarding McCleary. Defendants knew this at the times they were reporting such information. Furthermore, Defendants published in the local newspaper in Washington County Alabama the false information of the default on the loan in the foreclosure sale notice. This foreclosure sale notice states that the Plaintiff's loan is in default and in foreclosure. Defendants knew this information was inaccurate at the time it published this notice in the local paper, and the published false information harmed McCleary's reputation and character. As a result, the Plaintiff suffered damages of their reputation which negatively affected their credit and their business causing monetary losses.

64. Said communications were false in that Plaintiff were not indebted to the Defendants in the amount reported, Plaintiff was not delinquent as reported

by the Defendants, and Defendants is not the legal and rightful owner of the mortgage note.

65.     At the time said communications were made, Defendants knew, or should have known, of the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully, and maliciously communicated the falsity.

66.     As a result of the intentional communication to third parties of false information, McCleary was caused to suffer injury to their reputation in the eyes of the community.

**COUNT SEVEN:**

**VIOLATIONS OF TRUTH IN LENDING**

**(DLJ MORTGAGE, SPS, SELENE, U.S. BANK)**

67.     The Plaintiff  re-allege  and  adopt the above paragraphs as if fully set forth herein and also asserts the following:

68.     Defendants violated the Federal Truth in Lending Act.

69.     The Plaintiff institutes this action for actual damages, statutory damages, attorney's fees, and the costs of this action against Defendants for multiple

violations of the Truth in Lending Act, 15 U.S.C. §1601et seq. , (hereinafter TILA),and   Federal   Reserve   Board   Regulation   Z,   12   C.F.R.   § 226,promulgated pursuant thereto.

70.     This complaint is solely for monetary damages pursuant to15 U.S.C. § 1640. Under 15 U.S.C. § 1640(a), it is not necessary to allege or to prove actual damages to recover statutory damages.

71.     Defendants, are covered by the Act as it regularly extended  or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable, making Defendants a creditor within the meaning of TIL, 15 U.S.C. § 1602(f) and Regulation Z § 226.2(a)(17).

72.     Defendants did not provide a proper copy of the notices required by the Act to the Plaintiff.    The disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following and other respects:  (a). By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C.§ 1638(b) and Regulation Z § 226.17(b).  (b). By failing

to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a)and Regulation Z § 226.17(a).  (c). By failing to include in the finance charge certain charges imposed by Defendants payable by plaintiff incident to the extension of credit as required by 15 U.S.C. § 1605and Regulation Z § 226.4, thus improperly disclosing the finance charge in violation of 15 U.S.C. § 1638(a)(3) and Regulation Z § 226.18(d). Such amounts include, but are not limited to the attorney fees and late fees, 15 U.S.C. § 1605(a), Regulation Z§ 226.4(a).

73.     The regulations require that the notice shall identify the transaction or occurrence and clearly and conspicuously disclose the following:    The retention or acquisition of a security interest in the consumer's principal dwelling. The consumer's right to rescind, as described in paragraph (a)(1) of this section. How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.   The effects of rescission, as described in paragraph (d) of this section.   The date the rescission period expires. (See Reg. Z §§ 226.15(b)(5) and 226.23(b).


74.     By charging "attorney fees" and other "fees" not authorized by the mortgage contract, Defendants has made unauthorized charges and failed to disclose these charges in violation of the Act.   In this case, Defendants added fees to McCleary's account in September 2013 which are referenced in the notice of

default.  Moreover, once the account was turned over to the attorney for foreclosure in October 2014, additional fees were improperly added to the account.  Each time the sale was published in the newspaper up to and including December 2014, Defendants added additional and unauthorized fees to McCleary's account balance.

75.   By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. § 1606, Regulation Z§ 226.22, Defendants understated the disclosed annual percentage rate in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(c).

76.   That the Defendants have been improperly amortizing the loan, and have failed to provide proper disclosures to the Plaintiff. Defendants failed to send proper monthly statements to McCleary in violation of the Act.

77.   By reason of the aforesaid violations of the Act and Regulation Z, Defendants are  liable to McCleary in the amount of twice the finance charge, actual damages to be established at trial,  and attorney's fees and costs in accordance with 15U.S.C. § 1640 for violations of Federal Truth in Lending Act.

**COUNT EIGHT:**

## VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)

## (DLJ MORTGAGE, SPS, SELENE, U.S. BANK)

78.   The Plaintiff  re-alleges and adopts the above paragraphs as if fully set forth

herein and also asserts the following:

79.   Defendants violated the Real Estate Settlement Procedures Act (REPA) by

failing to acknowledge or respond to McCleary's Qualified Written Request

(QWR).  Defendants violated the Real Estate Settlement

Procedures Act (REPA) by failing to acknowledge or respond to

McCleary's Qualified Written Request (QWR) within in the time provided

by federal law.

80.   McCleary made a Qualified Written Request pursuant to RESPA to

Defendants on September 29, 2014 and November 13, 2014 which was sent

by certified mail.  It was signed for by Defendants acknowledging receipt

of the QWR.  Defendants never acknowledged receipt of the QWR request

and never responded to it.  Defendants' failure to acknowledge and

properly respond to the QWR request is a violation of RESPA or the Dodd-

Frank Act.  Because of said violations of said acts, the Plaintiff was

damaged because they were not informed of the information regarding their

loan.  Because the Defendants failed to give this information to McCleary, she was not able to stop the foreclosure on their home.  Accordingly, McCleary is entitled to damages from the Defendants.   Plaintiff suffered damages by Defendants' failure to comply with the RESPA law because they were unable to get a proper accounting of the fees and charges owed on the account to cure any alleged default and as a result a foreclosure sale was set.

## COUNT NINE

## FAIR CREDIT REPORTING ACT

## (DLJ MORTGAGE, SPS, SELENE, U.S. BANK)

81.    McCleary  re-alleges and adopts the above paragraphs as if fully set forth herein and also asserts the following.

82.    The Plaintiff disputed the account and false credit reporting.  Defendants were inaccurately reporting that McCleary was delinquent in her mortgage loan and in Default.  The Plaintiff repeatedly contacted Defendants from September 2011 until January 14, 2015 and informed Defendants regarding ITS INACCURATE REPORTING.  Moreover, the Plaintiff contacted the credit national bureaus and informed them of the inaccurate information and disputed same on several occasions from January 15, 2012 through

December 2014.  Nonetheless the credit reports were never changed because Defendants kept reporting the account as delinquent and in foreclosure.

83.   Despite receipt of the dispute, Defendants failed to properly investigate and respond, failed to make any effort to verify the complaints of plaintiff and reported the false, derogatory information to the consumer reporting agencies in violation of their duties as a furnisher of credit.

84.   According to the national consumer reporting agencies' reports the Defendants falsely reported about plaintiff's disputed debt.

85.   Defendants likewise willfully, or alternatively, negligently, violated the Fair Credit Reporting Act by failing to properly conduct a reasonable investigation and by failing to supply accurate and truthful information.

86.   Rather, Defendants reported false and inaccurate information and failed to retract, delete and suppress false and inaccurate information it reported about the plaintiff.

87.   Defendants failed to conduct a reasonable investigation with respect to consumer credit data it reported about the plaintiff.

88.   Defendants failed to review all relevant and pertinent information provided to it regarding the debt.

89.   As a proximate result of the Defendants' fraudulent conduct the Plaintiff have been injured and damaged.

90.   Defendants' violations and false credit reporting about plaintiff have been a substantial factor in causing credit denials and other damages.

91.   Defendants are liable unto plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing their credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

92.     WHEREFORE PLAINTIFF, PRAYS that after all due proceedings be had there be judgment herein in favor of Plaintiff and against Defendants.  1) That there be Judgment in favor of Plaintiff and against Defendants, for all reasonable damages sustained by Plaintiff including but not limited to actual damages, statutory damages, compensatory damages, out-of-pocket expenses, credit denials, adverse action, lost credit opportunities, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and for punitive/exemplary damages, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid; and 2) That this Honorable Court order Defendants to reinvestigate and correct the credit report(s), data emanations, and credit histories of and concerning Plaintiff or any of plaintiff's personal identifiers.

## COUNT TEN

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

### (DLJ MORTGAGE, SPS, SELENE, U.S. BANK)

93.     The Plaintiff  re-incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

94.     The acts and omissions of counter-Defendants as more specifically   stated in the facts constitutes numerous and multiple violations of the FDCPA including, but not limited to, §1692e(2), §1692e(8), and §1692f(1), with respect to the Plaintiff.  As a result of counter Defendants' violations of the FDCPA, the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15U.S.C. § 1692k(a)(3) from Defendants.

95.   Within the last 12 months, Defendants attempted to collect amounts not owed under the mortgage contract.  Within the last 12months, Defendants sought unjustified amounts, which would include demanding any amounts not permitted under an applicable contract or as provided under applicable law in violation of the Act §1692f(1). Within the last 12 months, Defendants threatened legal action that was either not permitted or not actually contemplated in violation of the Act §1692 e.  Within the last 12 months, Defendants communicated with third parties: revealing or discussing the nature of debts with third parties in violation of the Act

§1692 c.  Defendants within the last 12 months, failed to identify themselves and notify the Plaintiff in every communication, that the communication was from a debt collector in violation of the Act §1692e(11).   Within the last 12 months Defendants falsely stated the amount of the debt owed in violation of §1692e2a.

## COUNT ELEVEN:

## CLAIM FOR DECLARATORY RELIEF

96.   The Plaintiff  re-alleges and adopts the above paragraphs as if fully set forth herein and also asserts the following:

97.   Defendants breached the contract with McCleary by failing to follow the terms for notice requirements agreed to in the mortgage contract as well as payment application.  Defendants never sent the Plaintiff the required notices and failed to properly apply their payments.  As a result McCleary is entitled to the following declaratory relief:  (1) An Order declaring that they are not in default of their mortgage agreement and declaring the notice of default is null and void.  (2) An order declaring that Defendants have no right or authority to foreclose on McCleary's property.  (3) An Order prohibiting Defendants from foreclosing on McCleary's property.

**PLAINTIFF ( MCCLEARY) DEMANDS A TRIAL BY JURY.**

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendants respectfully pray of the Court as follows:

a.      That the Plaintiff have and recover against the Defendants, a sum to be determined by this Court and their peers in the form of actual damages.

b.      That the Plaintiff have and recover against the Defendants a sum to be determined by this Court in the form of compensatory and punitive damages.

c.      That Plaintiff, McCleary, be awarded attorney fees and court cost.

d.      That the Plaintiff have such other and further and proper relief as the Court may deem just and proper:

RESPECTFULLY SUBMITTED:


/s/ Kenneth James Lay
KENNETH J. LAY
HOOD & LAY, LLC
1117 22nd Street South
Birmingham, Alabama 35205
Tel: (205) 323-4123
Fax:(205) 776-2040
Attorney for Plaintiff

32

## **CERTIFICATE OF SERVICE**

This is to certify that on this the 17th day of August 2015, a copy of the forgoing second amended complaint has been served upon counsel for all parties to this proceeding by U.S. Mail, postage prepaid.

Ryan Daugherty
Sirote & Permutt
P. O. Box 55727
Birmingham AL  35255

Robert Austin Huffaker
Rushton, Stakely, Johnston & Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101

/s/ Kenneth J Lay
Kenneth Lay